McKINLEY TIDWELL v. EMMA LENA TIDWELL.

170 So. 713.

Division B.

Opinion Filed November 19, 1936.

*Hendricks & Hendricks,* for Appellant;

*I. P. Henderson,* for Appellee.

PER CURIAM.—The appeal here is from final decree granting complaining wife divorce, suit money and alimony.

The only question involved is the sufficiency of the evidence to support the decree. The evidence is conflicting.

The Special Master in Chancery filed his report, as follows:

"1. That the court has jurisdiction of the parties.

"2. That the complainant has maintained by competent evidence the allegations of her bill of complaint; that the defendant has been guilty of extreme cruelty toward the

complainant, and that the complainant is entitled to a divorce from the defendant as prayed for in said bill.

"3. That the complainant is in very poor health, is without means of support, and that in consideration of the testimony with reference to the defendant's ability to pay, in my opinion, a reasonable amount to be allowed to the complainant as permanent alimony would be the sum of $5.00 per week.

"4. That in accordance with the stipulation of counsel appearing in the record, the sum of $100.00 would be a reasonable fee to be allowed to the complainant's solicitor in this cause.

"5. The testimony of the complainant with reference to misconduct of her husband toward her is only corroborated in part by the testimony of other witnesses, but the principal parties to the suit having appeared before me and having observed them and their manner of testifying, it is my opinion, and so I find, that the equities are with the Complainant.

"6. That a Master's fee of $25.00 and the cost of reporting and transcribing testimony in the sum of $50.00, have been paid by the defendant."

Exceptions were filed to the Master's report. Hearing was had thereon and the exceptions were overruled. Final decree was entered.

The Master in Chancery and the Chancellor might have found in favor of, and determined this controversy in the manner contended for by, the appellant, but in considering the conflicts in the evidence they both resolved the same in favor of the appellee.

We shall follow the often stated rule that the appellate court should not disturb the findings of the Chancellor based

on conflicting evidence, unless it be clearly made to appear that such findings are erroneous.

The decree is affirmed.

So ordered.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.